UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:26-CV-00044-GNS

WALTER WILCOXSON PLAINTIFF

v.

PRINCIPAL LIFE INSURANCE COMPANY DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Stay (DN 8). The motion is ripe for adjudication.

## I. STATEMENT OF FACTS AND CLAIMS

This case arises from an insurance dispute. Defendant Principal Life Insurance Company ("Principal") issued Plaintiff Walter Wilcoxson ("Wilcoxson") a disability insurance policy. (Notice Removal Ex. C, at 32, DN 1-3). After Wilcoxson made a claim under the policy, Principal rescinded the policy due to inaccurate answers in his application regarding his medical history. (Notice Removal Ex. C, at 33, 41).

Wilcoxson first sued Principal on August 1, 2023, in Hart Circuit Court (Kentucky), seeking a declaration that Principal was not entitled to rescind the policy. (Notice of Removal Ex. 2, at 4, DN 1-2, *Wilcoxson v. Principal Life Ins. Co.*, 1:23-cv-00111-GNS-HBB (W.D.K.Y. Aug. 23, 2023) [hereinafter *Wilcoxson I*]). Principal removed that case to federal court, but this Court abstained from exercising jurisdiction and remanded the case back to state court. (Notice of Removal, DN 1, *Wilcoxson I*, 1:23-cv-00111-GNS-HBB (W.D. Ky. Aug. 23, 2023); Mem. Op. & Order, DN 24, *Wilcoxson I*, 1:23-cv-00111-GNS-HBB (W.D. Ky. Apr. 4, 2024)). The state court held that recission was proper, granted Principal's motion for summary judgment, and

dismissed Wilcoxson's complaint with prejudice on February 17, 2026. (Def.'s Mot. Dismiss Ex. 2, DN 5-2). Wilcoxson's appeal is pending. (Pl.'s Mot. Stay 1, DN 8).

Wilcoxson filed this action in state court. (Notice of Removal Ex. C, DN 1-3). Principal removed the case to federal court and moved for dismissal. (Notice Removal, DN 1; Def.'s Mot. Dismiss, DN 5). Wilcoxson moves to stay this case, including briefing on Principal's motion to dismiss, until the resolution of his appeal. (Pl.'s Mot. Stay 2). In the alternative, Wilcoxson requests that his deadline to respond to Principal's motion be extended to 21 days after the resolution of his motion to stay. (Pl.'s Mot. Stay 2).

## II. JURISDICTION

The Court has subject-matter jurisdiction over this action through diversity jurisdiction because there is complete diversity between the parties and the amount in controversy exceeds the sum of $75,000.00. *See* 28 U.S.C. § 1332; 28 U.S.C. § 1441(b).

## III. STANDARD OF REVIEW

Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (citations omitted). "Nonetheless, a federal district court has authority to stay cases before it pending resolution of a decision in a separate, companion court case under various abstention doctrines or pursuant to the court's incidental, inherent power to control its docket under *Landis v. N. Am. Co.*, 299 U.S. 248 (1936)." *James v. Thomas*, No. 1:24-CV-00061-RGJ-LLK, 2025 WL 1392156, at *2 (W.D. Ky. May 14, 2025). Wilcoxson has not argued that *Colorado River* abstention applies to this case; rather, the parties focus on the Court's inherent power, as described in *Landis*. (*See* Pl.'s Mot. Stay 3).

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants . . . ." *Ohio Env't Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)). The decision "ordinarily rests with the sound discretion of the District Court." *Id.* "When considering a motion to stay, the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequality to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by the stay." *Esperson v. Trugreen LP*, No. 2:10-CV-2130-STA, 2010 WL 2640520, at *2 (W.D. Tenn. June 29, 2010). Stays are not to be granted freely, as "a party has a right to a determination of its rights and liabilities without undue delay." *Caudill v. Wells Fargo Home Mortg., Inc.*, No. 5:16-CV-066-DCR, 2016 WL 3820195, at *2 (E.D. Ky. July 11, 2016) (citation omitted). "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Ohio Env't Council*, 565 F.2d at 396 (citation omitted).

## IV. DISCUSSION

Wilcoxson argues that "depending on how the Kentucky Court of Appeals rules, the Court's decision on the motion to dismiss would potentially be greatly expedited" and any ruling on the motion before the appeal concludes would likely require reconsideration because Principal relies on res judicata in its motion to dismiss. (Pl.'s Mot. Stay 4-5). Moreover, Wilcoxson argues that he would face hardship without a stay because "[t]he only way Mr. Wilcoxson can fully address Principal's pending motion to dismiss would be to know how the Kentucky Court of Appeals rules." (Pl.'s Mot. Stay 4).

"Res judicata" and "collateral estoppel," though sometimes used interchangeably, are distinct doctrines under Kentucky law:

> Res judicata, or claim preclusion, "prohibits the relitigation of claims that were litigated or could have been litigated between the same parties in a prior action." On the other hand, collateral estoppel, or issue preclusion, "allows the use of an earlier judgment by one not a party to the original action to preclude relitigation of matters litigated in the earlier action.

*Brandenburg Tel. Co. v. Sprint Commc'ns Co.*, 658 F. Supp. 3d 427, 452 (W.D. Ky. 2023) (internal citation omitted). Claim preclusion does not apply to declaratory judgments. *Cooke v. Gaidry*, 218 S.W.2d 960, 961-92 (Ky. 1949); *Holbrook v. Shelter Ins. Co.*, 186 F. App'x 618, 622 (6th Cir. 2006). Issue preclusion, however, still applies. *Cont'l Cas. Co. v. Indian Head Indus., Inc.*, 941 F.3d 828, 835 n.1 (6th Cir. 2019) ("The reason is intuitive: a declaratory judgment declares parties' rights on particular issues, so those parties should be (and are) bound by the earlier judgment's resolution of those issues.").

"[T]rial court judgments are considered final for preclusion purposes even if a party intends to appeal or if an appeal is pending." *Mahindra & Mahindra Ltd. v. FCA US LLC*, 503 F. Supp. 3d 542, 551 (E.D. Mich. 2020) (citing *Commodities Exp. Co. v. U.S. Customs Serv.*, 957 F.2d 223, 228 (6th Cir. 1992)). While it would be convenient to have the state appellate court's judgment before assessing Principal's motion to dismiss, it is not necessary. Because Wilcoxson has not demonstrated that a stay would preserve judicial resources or spare him hardship, his motion is denied.

As Wilcoxson's request for an extension of time to respond to Principal's motion is unopposed, it will be granted.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Stay (DN 8) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff shall file his response to Defendant's Motion to Dismiss (DN 5) **on or before September 9, 2026**.

**Greg N. Stivers, Judge**
**United States District Court**
August 19, 2026

cc: counsel of record