UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:26-CV-00044-GNS

WALTER WILCOXSON PLAINTIFF

v.

PRINCIPAL LIFE INSURANCE COMPANY DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss (DN 5). The motion is ripe for adjudication. For the reasons stated below, the motion is **GRANTED**.

## I. STATEMENT OF FACTS AND CLAIMS

Defendant Principal Life Insurance Company ("Principal") issued Plaintiff Walter Wilcoxson ("Wilcoxson") a disability insurance policy. (Notice Removal Ex. C, at 32, DN 1-3). After Wilcoxson made a claim, Principal rescinded the policy due to several inaccurate answers in his application regarding his medical history. (Notice Removal Ex. C, at 33, 41).

Wilcoxson first sued Principal on August 1, 2023, in Hart Circuit Court (Kentucky), seeking a declaration that Principal was not entitled to rescind the policy. (Notice Removal Ex. B, at 4, DN 1-2, *Wilcoxson v. Principal Life Ins. Co.*, 1:23-CV-111-GNS-HBB (W.D. Ky. Aug. 23, 2023) [hereinafter *Wilcoxson I*]). Principal removed that case to federal court, but this Court abstained from exercising jurisdiction and remanded the case back to state court. (Notice Removal, DN 1, *Wilcoxson I*, 1:23-CV-111-GNS-HBB (W.D. Ky. Aug. 23, 2023); Mem. Op. & Order, DN 24, *Wilcoxson I*, 1:23-CV-111-GNS-HBB (W.D. Ky. Apr. 4, 2024)). The state court held that recission of the disability policy was proper, granted Principal's

motion for summary judgment, and dismissed Wilcoxson's Complaint with prejudice on February 17, 2026. (Def.'s Mot. Dismiss Ex. B, DN 5-2). Wilcoxson's state court appeal remains pending. (Pl.'s Mot. Stay 1, DN 8).

Wilcoxson filed a new action in state court and brought claims for (I) breach of contract; (II) a violation of the Kentucky Unfair Claims Settlement Practices Act ("KUCSPA"); (III) delay of payment under KRS 304.12-235; (IV) breach of the covenant of good faith and fair dealing ("bad faith"); (V) alteration and destruction of the application under KRS 304.14-090; (VI) deceptive and unfair insurance practice under KRS 304.12-010; (VII) fraudulent insurance acts under KRS 304.47-020; and (VIII) fraudulent misrepresentation. (Am. Compl. ¶¶ 87-151, DN 1-3; Pl.'s Resp. Def.'s Mot. Dismiss 19-21, DN 14). Principal then removed the case to this Court and moved for dismissal. (Notice Removal, DN 1; Def.'s Mot. Dismiss, DN 5). The Court denied Wilcoxson's motion to stay this case until the resolution of his state court appeal and extended the deadline to file a response to Principal's motion to dismiss. (Pl.'s Mot. Stay 2; Mem. Op. & Order 5, DN 13). Wilcoxson subsequently filed his response and Principal filed a reply. (Pl.'s Resp. Def.'s Mot. Dismiss; Def.'s Reply Mot. Dismiss, DN 15).

## II. <u>JURISDICTION</u>

The Court has subject-matter jurisdiction over this action through diversity jurisdiction because there is complete diversity between the parties and the amount in controversy exceeds the sum of $75,000.00. *See* 28 U.S.C. § 1332; 28 U.S.C. § 1441(b).

## III. <u>STANDARD OF REVIEW</u>

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on

its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citation omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When considering a motion to dismiss, a court must "accept all the [plaintiff's] factual allegations as true and construe the complaint in the light most favorable to the [plaintiff]." *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005) (citation omitted).

"The Sixth Circuit and sister courts have recognized that a complaint should be dismissed for failure to state a claim if the claims in it are barred by preclusion doctrines and other similar rules." *Lyvers v. Newkirk*, No. 1:15-CV-96-GNS, 2017 WL 6096725, at *3 (W.D. Ky. Dec. 7, 2017) (citing cases). "[T]he federal rules allow issue preclusion at the motion to dismiss stage." *Ingram v. Regano*, No. 23-3222, 2023 WL 6634262, at *2 (6th Cir. Oct. 12, 2023) (citing *Smith v. Lerner, Sampson & Rothfuss, L.P.A.*, 658 F. App'x 268, 275 (6th Cir. 2016)).

## IV. DISCUSSION

Principal contends that because the state court's prior decision necessarily found that rescission of the policy was proper, the issues raised in all of Wilcoxson's subsequent claims

are precluded and thus cannot be relitigated.[1] (Def.'s Mem. Supp. Mot. Dismiss 21-22, DN 5-1; Def.'s Mot. Dismiss 1-3). The Court agrees.[2]

Issue preclusion, or collateral estoppel, "precludes relitigation of issues of fact or law actually litigated and decided in a prior action between the same parties and necessary to the judgment, even if decided as part of a different claim or cause of action." *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 661 (6th Cir. 1990) (citation omitted). For issue preclusion to apply, the following four elements must be met:

> (1) the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding; (2) determination of the issue must have been necessary to the outcome of the prior proceeding; (3) the prior proceeding must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*Flint v. Beshear*, No. 3:15-CV-777-DJH, 2016 WL 154131, at *3 (W.D. Ky. Jan. 12, 2016), *aff'd*, No. 16-5077, 2016 WL 11854872 (6th Cir. Sept. 14, 2016) (citation omitted). Ultimately, issue preclusion is "designed to protect parties from multiple lawsuits and potentially inconsistent decisions, as well as to conserve judicial resources." *Harvis v. Roadway Express, Inc.*, 973 F.2d 490, 495 (6th Cir. 1992) (citation omitted).

Neither party disputes that issue preclusion applies to declaratory judgments. *Cont'l Cas. Co.*, 941 F.3d at 835 n.1 ("The reason is intuitive: a declaratory judgment declares parties' rights on particular issues, so those parties should be (and are) bound by the earlier

---

[1] Wilcoxson correctly asserted in his response that res judicata, or claim preclusion, does not apply to declaratory judgments. (Pl.'s Resp. Def.'s Mot. Dismiss 4-5); *see also Cont'l Cas. Co. v. Indian Head Indus., Inc.*, 941 F.3d 828, 835 (6th Cir. 2019). Principal then withdrew its arguments based upon claim preclusion in its reply. (Def.'s Reply Mot. Dismiss 1 n. 1). Accordingly, the Court will not evaluate these arguments. (Def.'s Mot. Dismiss 9-10).

[2] In light of the applicability of issue preclusion, it is unnecessary for the Court to address Principal's additional grounds for the motion.

judgment's resolution of those issues."). Although Wilcoxson's appeal remains pending in state court, "trial court judgments are considered final for preclusion purposes even if a party intends to appeal or if an appeal is pending." *Mahindra & Mahindra Ltd. v. FCA US LLC*, 503 F. Supp. 3d 542, 551 (E.D. Mich. 2020) (citing *Commodities Exp. Co. v. U.S. Customs Serv.*, 957 F.2d 223, 228 (6th Cir. 1992)). While Wilcoxson admits that the previous state court decision "has preclusive effect," he contends that that court's findings do not preclude the new claims in this action. (Pl.'s Resp. Def.'s Mot. Dismiss 4). To the contrary, the state court's specific factual findings related to Wilcoxson's application and the determination that his disability policy was void *ab initio* is fatal to each of Wilcoxson's claims.[3] (Def.'s Mot. Dismiss Ex. 2, at 9).

### A. **Breach of Contract (Count I)**

Under Kentucky law, "there are three elements to a breach of contract claim: (1) 'existence of a contract; (2) breach of that contract; and (3) damages flowing from the breach of contract.'" *Arnold v. Liberty Mut. Ins. Co.*, 392 F. Supp. 3d 747, 774 (E.D. Ky. 2019) (citation omitted). "Under the 'doctrine of reasonable expectations,' an insured is entitled to all the coverage he may reasonably expect to be provided according to the terms of the policy." *Hendrix v. Fireman's Fund Ins. Co.*, 823 S.W.2d 937, 938 (Ky. App. 1991) (citation omitted).

Wilcoxson cannot relitigate the first element of his breach of contract claim—the existence of the contract—because the state court's prior judgment already necessarily decided

[3] Principal attached a copy of the Hart Circuit Court's decision as an exhibit to support its motion to dismiss. (Def.'s Mot. Dismiss Ex. 2). "[A] court may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment." *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016) (citations omitted).

that there was never a binding agreement between Wilcoxson and Principal. Specifically, the court determined that Principal properly rescinded Wilcoxson's disability insurance policy under KRS 304.14-110 based upon Wilcoxson's material misrepresentations in his application. (Def.'s Mot. Dismiss Ex. 2, at 16-17). The court reasoned that the purpose of KRS 304.14-110 "is to ensure insurance applicants are 'honest and forthright in their representations.'" (Def.'s Mot. Dismiss Ex. 2, at 8-9 (quoting *State Farm Mut. Auto. Ins. Co. v. Crouch*, 706 S.W.2d 203, 207 Ky. App. 1986))). After an extensive review of Wilcoxson's medical records, the court found that Principal met its burden to rescind the policy under both the preponderance of evidence standard and "the higher standard of clear and convincing evidence" because "Wilcoxson ha[d] failed to make any argument whatsoever that his 'No' responses [were] truthful." (Def.'s Mot. Dismiss Ex. 2, at 14). The court concluded that there was "no choice but to find that Wilcoxson provided misrepresentations to questions 7. on Part A of the Application and to 18.a, 18.i, 18.j., 22.a., and 22.b. on Part B of the Application[,]" and Principal was thus "entitled to summary judgment." (Def.'s Mot. Dismiss Ex. 2, at 16-17).

Wilcoxson relies on *Yeoman v. Commonwealth, Health Policy Board*, 983 S.W.2d 459 (Ky. 1998) to contend that his breach of contract claim cannot be precluded because it does not involve an "identical issue that was actually litigated, actually decided, and necessary to the first judgment." (Pl.'s Resp. Def.'s Mot. Dismiss 9 (citing *Yeoman*, 983 S.W.2d at 465)). In *Yeoman*, the Kentucky Supreme Court declined to apply issue preclusion "given the magnitude of the constitutional issues involved," because the tax provision there was "not identical" to a tax provision upheld in an earlier case due to specific differences related to the scope of the tax and its impact on consumers. *Yeoman*, 983 S.W.2d at 465-66. In contrast, unlike the two different tax issues in *Yeoman*, Wilcoxson alleges that Principal breached the

same disability policy that the state court previously determined was properly rescinded and thus void from its inception. (Am. Compl. ¶¶ 88-89; Def.'s Mot. Dismiss Ex. 2, at 9-16).

Wilcoxson also asserts that the preclusive impact of the prior decision is limited because the breach of contract claim in this action concerns a different time period, contending "Count I concerns Principal's contractual performance *after* it issued the Policy and accepted premiums, including its obligation to process and pay Wilcoxson's disability claim, the timing of any benefits that became due, Principal's conduct before it elected rescission in June 2023, and damages caused by its failure to perform." (Pl.'s Resp. Def.'s Mot. Dismiss 9). This argument, however, is unavailing because the state court reasoned that "when a policy is voided under section 304.14-110 it is retroactively undone, 'void *ab initio*.'" (Def.'s Mot. Dismiss Ex. 2, at 9 (quoting *Nationwide Mut. Fire Ins. Co. v. Nelson*, 912 F. Supp. 2d 452, 455 (E.D. Ky. 2012))). If an insurance policy is void *ab initio* it functions "[l]ike an annulled marriage, . . . as if there was never a binding agreement between the insurer and the insured. So there is nothing to construe against the insurer." *Nationwide Mut. Fire Ins. Co.*, 912 F. Supp. 2d at 455 (citations omitted). In other words, Principal cannot be in breach of a contract that the state court previously determined "never existed." (Def.'s Mot. Dismiss Ex. 2, at 9).

Wilcoxson is precluded from bringing this breach of contract claim because: (1) the precise issue raised in this case—the existence of a contract—was litigated in the previous decision to determine whether Principal properly rescinded Wilcoxson's disability insurance policy under KRS 304.14-110; (2) the determination that no agreement or policy existed between Principal and Wilcoxson was necessary to the previous decision granting summary judgment to Principal; (3) there is no dispute between the parties that the prior proceeding resulted in a final judgment on the merits; and (4) Wilcoxson, as the party against whom

estoppel is sought, had a full and fair opportunity to litigate this issue in the prior proceeding because the state court extensively examined his medical records and rejected his own motion for summary judgment after finding that Principal was "not fully cognizant of all material facts concerning [his] health" and that he had "provided misrepresentations" in his application. (Def.'s Mot. Dismiss Ex. 2, at 9-16); *see Flint*, 2016 WL 154131, at *3. Accordingly, the breach of contract claim (Count I) is dismissed.

**B. <u>Bad Faith (Counts II, III, IV, VI)</u>**

In *Wittmer v. Jones*, 864 S.W.2d 885 (Ky. 1993), the Kentucky Supreme Court outlined three elements to prove a bad faith claim:

> (1) the insurer must be obligated to pay the claim under the terms of the policy; (2) the insurer must lack a reasonable basis in law or fact for denying the claim; and (3) it must be shown that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed.

*Id*. at 890 (citation omitted). These elements apply whether "brought under common law or statute." *Rawe v. Liberty Fire Ins. Co*., 462 F.3d 521, 527 (6th Cir. 2006).

To meet the first *Wittmer* element, it must be plausible that Principal was obligated to pay Wilcoxson's claim under the terms of the disability insurance policy. *Wittmer,* 864 S.W.2d at 890. As noted previously, the state court judgment necessarily determined that Principal properly rescinded the policy due to Wilcoxson's material misrepresentations regarding his medical history.[4] (Def.'s Mot. Dismiss Ex. 2, at 9-16). Thus, the issue as to whether Principal

[4] The state court's prior holding that Principal properly rescinded the policy also necessarily precludes Wilcoxson's KRS 304.47-020 claim based on the argument that Principal committed fraudulent insurance acts "by inter alia: a. Using unapproved and non-compliant language to contest coverage; and b. Using an unapproved and non-compliant Rescission Agreement." (Am. Compl. ¶¶ 135-136). Accordingly, this claim (Count VII) is dismissed.

was obligated to pay the claim is precluded, and Wilcoxson's bad faith claims (II, III,[5] IV, VI[6]) are dismissed. *See also Daugherty v. Am. Express Co.*, 485 F. App'x 746, 748 (6th Cir. 2012) (finding that where the plaintiff did not have a contract with the defendants, "common-law and statutory bad-faith claims rest[ing] on [the] argument that the defendants were in breach of the insurance contract . . . were properly dismissed as well." (citation omitted)).

### C. <u>KRS 304.14-090 (Count V)</u>

Wilcoxson also disputes "the integrity of the application Principal created from [his] oral answers and later used against him." (Pl.'s Resp. Def.'s Mot. Dismiss 13; Am. Compl. ¶¶ 29-40). KRS 304.14-090 provides that "[n]o person shall falsify or cause to be falsified, in any application for insurance, any answer to a question propounded to the applicant therein . . . ." KRS 304.14-090(2).

---

[5] With regard to Count III, federal courts applying Kentucky law, including this Court, have generally treated the failure to make timely payments under KRS 304.12-235 as a statutory bad faith claim. *See, e.g.*, *Smith v. Am. Strategic Ins. Corp.*, No. 4:24-CV-79-RGJ, 2025 WL 2073813, at *3 (W.D. Ky. July 23, 2025); *Bailey v. State Farm Fire & Cas. Co.*, No. 14-53-HRW, 2015 WL 1401640, at *8-9 (E.D. Ky. Mar. 25, 2015); *but see Wilson v. State Farm Mut. Auto. Ins. Co.*, 795 F. Supp. 2d 604, 608 (W.D. Ky. 2011). Even if the *Wittmer* test were not applicable to this delay of payment claim, however, it would still fail because KRS 304.12-235(1) requires a "contract of insurance" under which an insurer is obligated to pay. In light of the state court's prior ruling voiding Wilcoxson's disability policy, he has no such contract with Principal.

[6] Likewise, regarding Count VI, there is disagreement as to whether KRS 304.12-010—prohibiting "any unfair or deceptive act or practice in the business of insurance"—should be treated as a statutory bad faith claim. *Compare Phelps v. Unum Provident Corp.*, 245 F. App'x 482, 487 (6th Cir. 2007) (finding that KRS 304.12-010 should be construed as a "statutory bad-faith claim[]" which requires the application of the Wittmer test) (citation omitted), *with Am. Gen. Life Ins. Co. v. Est. of Jude ex rel. Jude*, No. CR 17-90-DLB-EBA, 2021 WL 2913624, at *7 (E.D. Ky. July 12, 2021) (holding that recovery under KRS 304.12-010 required proof of "the essential elements of a negligence claim[]" and not "a showing of bad faith."). Regardless, the basis for Principal's alleged "deceptive and unfair insurance practice" rests on allegations concerning the improper recission of the policy and the integrity of Wilcoxson's application—issues previously decided by the state court's decision. (Am. Compl. ¶¶ 118-120; Def.'s Mot. Dismiss Ex. 2, at 9-16).

Specifically, Wilcoxson alleges that "[b]y destroying Part B of the Application [a telephone recording of an oral interview], Principal violated KRS 304.14-090." (Am. Compl. ¶ 121). Wilcoxson contends that this "destruction matters because the recording was the contemporaneous source from which it could be determined what questions Principal actually asked . . . and whether Principal's written version accurately reflected those answers." (Pl.'s Resp. Mot. Dismiss 13). To the contrary, in the prior judgment the state court found Wilcoxson's argument that Principal could not "produce a valid and statutorily compliant application[,]" had "no merit." (Def.'s Mot. Dismiss Ex. 2, at 9). In fact, the court specifically found that Wilcoxson attested to the truthfulness of his answers in Part B when he signed Part D of his application:

> Wilcoxson thereafter signed Part of D of the Application on March 24, 2022, and attested to the following: "*I have read all the questions and answers obtained during the application interview. This includes Part B on the Proposed Insured. I represent that all statements are true and complete and were correctly recorded before I signed my name below*."

(Def.'s Mot. Dismiss Ex. 2, at 9-10). The court also reasoned that Wilcoxson signed an "Amendment and Acceptance Form" after he completed his answers to Part B, which acknowledged that "[a]ll statements in the Application, as amended, are true and complete to the best of my knowledge and belief . . . ." (Def.'s Mot. Dismiss Ex. 2, at 10). Despite the state court's extensive discussion of the validity of Part B, Wilcoxson asserts that issue preclusion does not apply in part because the prior decision "did *not* cite KRS 304.13-090 . . . ." (Pl.'s Resp. Def.'s Mot. Dismiss 13). Issue preclusion, however, "bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' *even if the issue recurs in the context of a different claim*." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (emphasis added) (citation

omitted). Consequently, because this issue was already litigated and necessarily decided in Principal's favor, the KRS 304.14-090 claim (Count V) is dismissed.

### D. Fraudulent Misrepresentation (Count VIII)

For a claim of fraudulent misrepresentation under Kentucky law, a plaintiff must allege:

> (1) that the declarant made a material representation to the plaintiff; (2) that this representation was false; (3) that the declarant knew the representation was false or made it recklessly; (4) that the declarant induced the plaintiff to act upon the misrepresentation; (5) that the plaintiff relied upon the misrepresentation; and (6) that the misrepresentation caused injury to the plaintiff.

*Kennedy v. Prime Hydration, LLC*, No. 3:23-CV-476-GNS, 2025 WL 697674, at *5 (W.D. Ky. Mar. 4, 2025) (quoting *Flegles, Inc. v. TruServ Corp.*, 289 S.W.3d 544, 549 (Ky. 2009)).[7]

Wilcoxson's fraudulent misrepresentation claim fails because the first two elements—whether Principal made a false material representation to Wilcoxson—cannot be met due to the state court's prior findings related to the application, underwriting, and issuance process of the policy. To support his claim, Wilcoxson alleges that Principal falsely represented that it had reviewed the "oral Part B Application," when in fact "Principal destroyed it." (Am. Compl. ¶ 141). He also asserts that Principal knowingly chose not to "investigate any of the known discrepancies in Mr. Wilcoxson's medical history . . . [but] nonetheless approved and issued the Policy to Mr. Wilcoxson." (Am. Compl. ¶ 141). As discussed regarding his KRS 304.14-090 claim, the state court previously litigated the issue of the destruction of Part B and found that Wilcoxson attested to its truthfulness in other sections of his application. (Def.'s Mot. Dismiss Ex. 2, at 9-10). Further, the state court explicitly held that "Principal had no

[7] While it is unclear from the Amended Complaint whether Wilcoxson intended to bring a claim for negligent or fraudulent misrepresentation under Kentucky law, his response and Principal's reply clarified that it is the latter. (Am. Compl. ¶¶ 140-151; Pl.'s Resp. Def.'s Mot. Dismiss 19; Def.'s Reply Mot. Dismiss 13).

duty to investigate the application" and that "Principal was not fully cognizant of all material facts concerning insured's health." (Def.'s Mot. Dismiss Ex. 2, at 12). Accordingly, Wilcoxson's basis for fraudulent misrepresentation is precluded, and this claim (Count VIII) is also dismissed.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (DN 5) is **GRANTED**, and Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.[8] The Clerk shall strike this matter from the active docket.

**Greg N. Stivers, Judge**
**United States District Court**
November 12, 2026

cc: counsel of record

---

[8] In the alternative, Wilcoxson broadly requests to leave to amend to address "any curable pleading deficiency. . . ." (Pl.'s Resp. Def.'s Mot. Dismiss 24). This request is denied because Wilcoxson does not include an attached copy of the proposed amendment. *See, e.g.*, *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014) ("A 'request for leave to amend almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is . . . not a motion to amend.' . . . Both because the plaintiffs did not present an adequate motion and because they did not attach a copy of their amended complaint, the district court did not abuse its discretion in refusing to allow the plaintiffs to amend their complaint . . . ." (first alteration in original) (citations omitted)).